UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK G. MACEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-208 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 32] filed by Barry A. Schultz, counsel for the plaintiff, Mark G. Macek, on October 4, 2019. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Mark G. Macek, filed an application for Disability Insurance benefits on June 23, 2009. His claim for benefits was denied. Macek appealed to an administrative law judge (ALJ), who likewise denied his claim on February 1, 2011. Macek appealed the ALJ's decision to the Appeals Council and then to this court, which remanded the case to the Agency on September 27, 2013. *See* **Macek v. Colvin,** 2013 WL 5436924 (N.D. Ind. 2013).

On remand, this matter was heard before ALJ Dennis Kramer who issued an unfavorable decision on July 17, 2015. On June 7, 2016, Macek initiated this action for judicial review of the denial of his application for benefits. (DE 1). On September 29, 2017, this court entered an Opinion and Order remanding this matter to the Agency for further proceedings. (DE 23).

On January 29, 2018, the parties filed a joint motion for attorney fees under the Equal Access to Justice Act (EAJA). (DE 30). The parties agreed that an award of attorney fees in the

amount of $7,450.00 would fully satisfy and settle any and all claims under the EAJA, 28 U.S.C. § 2412. (DE 30). On January 30, 2018, the court granted the joint motion and awarded $7,450.00 in EAJA fees. (DE 31).

Following this court's remand, an ALJ approved Macek's claim for Disability Insurance benefits. The Social Security Administration issued a Notice of Award letter dated May 12, 2019. Macek was awarded past-due benefits in the amount of $239,908.00, 25% of which is $59,977.00. Macek also had an eligible auxiliary, whose Notice of Award letter dated September 15, 2019 stated that 25% of her past-due benefits amounted to $29,988.00.

Attorney Schultz asks the court to authorize an award of attorney fees in the amount of $83,965.00 under 42 U.S.C. § 406(b). The Commissioner filed a response on November 15, 2019. Attorney Schultz filed a reply on November 21, 2019.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* **42 U.S.C. § 406(a)**, as well as representation before the court, *see* **42 U.S.C. § 406(b)**. *See **Culbertson v. Berryhill**,* 139 S. Ct. 517, 520 (2019) (quoting ***Gisbrecht v. Barnhart**,* 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. **42 U.S.C. § 406(b)(1)(A)**; ***Gisbrecht**,* 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" ***Gisbrecht**,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. ***Gisbrecht**,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must

2

either refund the EAJA award or subtract that amount from the § 406(b) request. *See **Gisbrecht**,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Schultz requests $83,965.00 in fees, which is 25% of Macek's past-due benefits and the auxiliary benefits, minus $6,000.00 that was awarded already for work done at the administrative level. The Commissioner took a neutral position regarding the fees requested by Attorney Schultz. However, the Commissioner indicated that the court should not rely on Attorney Schultz's characterization of the contingent risk borne by federal-court counsel in Social Security cases in making its decision.

Macek was represented by Attorney Schultz on his first and second court actions, dating back to 2012. It was after this court's second remand, and after a third ALJ hearing, that Macek was found disabled dating back to his original alleged onset date of November 3, 2008. Attorney Schultz represents that he spent 92.1 hours of legal work representing Macek in federal court, with 53.1 hours in 2012 and 39.0 hours in 2016. Attorney Schultz's total requested fee would amount to an hourly rate of about $911.00. That calculated rate calls into question the bounds of reasonableness in this district. *See **Taylor v. Berryhill**,* 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable.").

The Commissioner has cited cases within the Seventh Circuit where courts have found effective hourly rates similar or even lower to be unreasonable. However, the Commissioner also indicated that "courts in the Seventh Circuit have reached a wide variety of conclusions concerning the reasonableness of fees under § 406(b), so precedent would support either a reduction in the requested fee or a decision not to reduce it." Attorney Schultz has provided reference to several cases within the Seventh Circuit where courts have found rates ranging from

3

$900.00 to $2,000.00 per hour as reasonable. *See* ***Zambrano v. Berryhill***, No. 14-cv-0048 (N.D. Ill., May 30, 2017, awarding $1,232.00 per hour); ***Polli v. Berryhill***, No. 17-cv-1102, (N.D. Ill., February 27, 2019, awarding $1,805.00 per hour); ***Tidwell v. Berryhill***, 2018 WL 3154619, No. 3:14-cv-210 RLM (N.D. Ind., June 28, 2018, awarding $1,245.74 per hour); ***Kirby v. Berryhill***, 2017 WL 5891059, No. 14 cv-5936 (N.D. Ill., November 29, 2017, awarding $1,612.28 per hour).

In support of the reasonableness of the fee requested, Attorney Schultz emphasizes that the briefs were professionally done, the legal arguments were made clearly, and Macek received a favorable result. In receiving such a result, Attorney Schultz requested only one extension to file the opening brief in Case No. 2:12-cv-197 and two extensions to file the opening brief in the Case No. 2:16-cv-208. Extensions of time are common in social security cases, and the delay was not so excessive such that it would contribute to Attorney Schultz's profit from the accumulation of Macek's back benefits. *See* ***Gisbrecht***, 535 U.S. at 808. Moreover, Attorney Schultz asserts he did not receive a "windfall" because he did not submit boilerplate briefs, but detailed briefs analyzing the specific issues involved. In doing so, Attorney Schultz represents that he properly evaluated the 1,342-page administrative record, provided citations to key Circuit Court precedent, evaluated the Commissioner's response briefs, and provided concise replies.

The court finds that the requested fee is reasonable. Attorney Schultz obtained a favorable result for Macek, who was awarded Disability Insurance benefits and a substantial amount of past-due benefits. There is nothing in the record that suggests that the work performed by Attorney Schultz was substandard or that he caused any delay in the adjudication of Macek's case. Furthermore, the proposed fee award is within the bounds of the contingency-fee agreement between Macek and Attorney Schultz, and although the hourly rate may be

outside the typical range, the amount is still consistent with previous fees awarded by courts within the Seventh Circuit.

Following remand to the Agency, Attorney Schultz was awarded $7,450.00 in EAJA fees. Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 789. Attorney Schultz has acknowledged that Macek is entitled to a refund of the $7,450.00 EAJA award that he received.

Based on the foregoing reasons, the court **GRANTS** the Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 32] and **AWARDS** fees to Attorney Barry A. Schultz in the total amount of $83,965.00. The court further **ORDERS** Attorney Schultz to refund the plaintiff, Mark G. Macek, the amount of the previously awarded EAJA fees, $7,450.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 10th day of January, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge